SCHUSTER v. GANZENMULLER.[1] (City Court of New York, General Term. June 30, 1896.) Action by Frederick Schuster against August Ganzenmuller. John Fennel, for appellant. L. J. Morrison, for respondent.

VAN WYCK, C. J. The plaintiff, a broker, sues for commissions on sale of real estate.

[1] Reversed.  40 N. Y. Supp. 1116.

The defendant concedes that he employed plaintiff to procure a purchaser for certain of his lots, and his counsel said to plaintiff's counsel, "We admit that, if you brought the buyer, you are entitled to this commission," and the judge charged, without objection, that "there is but one question for you to determine in this case, and that is, was plaintiff the procuring cause of the purchase of this property?" It is sufficient to say, without reviewing the facts, that the proof compelled the submission of this question to the jury, and that their verdict for the plaintiff was not against the weight of evidence. The buyer's husband was a witness for plaintiff, and on cross-examination was asked whether he looked on plaintiff as a messenger for one Duffy, when plaintiff called upon him and told him defendant would sell the lots, and, again, if, when he, for his wife, signed the contract, he mentioned Duffy as a buyer. It was not error to exclude this line of examination, nor the question whether he had at that time stated there was no broker in the sale, for the plaintiff was not present. The plaintiff's witness Duffy was asked, on cross-examination, if he had talked with the buyer before he introduced plaintiff to defendant as a broker who could get a buyer for him. What had this to do with the issues? It was in proof that Duffy had assisted plaintiff in the matter, and he made no claim against defendant; and the judge, without exception, properly charged that this should not deprive plaintiff of his commissions. He who acts through another acts himself. The charge was full and fair, and clearly laid down the law as applicable to the facts of the case, and it was not error to refuse to charge as requested by defendant, in view of the proof as shown by the record. The judgment and order are affirmed, with costs.